IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:21CR264 |
| vs. | |
| ALFREDO ESCOBAR, | ORDER FOR THE PROGRESSION OF A CRIMINAL CASE |
| Defendant. | **Judge Brian C. Buescher** |

Upon arraignment of Defendant this date and the entry of plea of not guilty,

IT IS ORDERED:

1. Trial of this case will be scheduled upon the expiration of the pretrial motion deadline, or as soon thereafter as the case may be called;

2. **Discovery Deadline.** By **October 29, 2021**, if a request be made, counsel shall confer and accomplish the automatic discovery provided for in Rule 16, Fed. R. Cr. P., and shall adhere to the continuing duty to disclose such matters pursuant to Rule 16(c), Fed. R. Cr. P.;

3. **Pretrial Motion Deadline.** If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed by **November 12, 2021**, and that time limit will not be extended by the court except for good cause shown. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court. Should the Defendant nonetheless file a motion for such disclosure, such motion shall state with specificity the material sought. In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, as part of the motion **the moving party shall** recite that counsel for the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach agreement on the contested matters without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences;

4. **Motions.** If any pretrial motion is filed by either side, a copy thereof and the supporting brief required by the provisions of NECrimR 12.3(b)(1) shall be simultaneously

filed. Opposing briefs shall be filed **within seven (7) days** thereafter. The filing of briefs may be delayed until after an evidentiary hearing on the motion **but only** upon a written request made within the original time to file a brief **and** upon order of the court. Motions in limine addressed to matters at trial shall be filed no earlier than fourteen (14) days before a scheduled trial date, and no later than two (2) business days before trial. Any motions filed outside this time period may be summarily denied.

     5. If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge **not less** than one week prior to trial date;

     6. **Ex Parte Matters.** Any original application, motion or voucher which is intended to be presented ex parte shall be delivered to the appropriate judicial officer (normally the Magistrate Judge), not to the Clerk of the Court, clearly captioned so as to disclose that the request is made ex parte, together with a supporting brief stating the basis for ex parte consideration;

     7. **Sealed filings.** Financial affidavits, pretrial services reports, the court's statement of reasons for sentencing, presentence investigation reports, sentencing recommendations, and other sentence-related motions will be filed under seal.

     In addition, on motion presented to the court during a hearing for entry of a plea of guilty, for the reasons explained in General Order 2018-2, the court may order portions of any plea agreement to be filed under seal. If the motion is granted, the motion to seal, order granting the motion, and the sealed portion of the plea agreement will be filed in a separate and sealed docket of the court.

     8. Absent good cause shown, any application or motion for an order to produce the appearance of an incarcerated witness shall be made sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal **at least fourteen (14) days** to arrange for such appearance. Any ex parte application for the subpoena of a witness pursuant to Fed. R. Cr. P. 17(b) shall contain the satisfactory showing required by said rule and shall be submitted sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal adequate time in which to serve any subpoena.

     9. Applications or vouchers pursuant to the Criminal Justice Act for authorization to hire third parties, to exceed the amounts set forth in the Criminal Justice Act, or for the expenditure of Criminal Justice Act funds shall be **submitted on an appropriate CJA form available from the Clerk's Office** and supported by information necessary for the court to make a decision pursuant to the Criminal Justice Act, particularly;

     a. The name, address and telephone number of the person sought to be hired (if applicable);

     b. A specific statement of the amount sought and the method for computing said amount;

      c. A specific statement setting forth the factual and legal bases which support the request;

10. **Continuances.** Any motion for a continuance or an extension of deadlines shall set forth the reasons why the moving party believes that the additional time should be allowed by the court **and shall justify** the additional time with specific references to the appropriate provisions(s) of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

11. The Defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the Defendant shall deliver to the Court in advance an affidavit stating that the Defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

DATED this 22nd day of October, 2021.

BY THE COURT:

s/ Michael D. Nelson  
United States Magistrate Judge